IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION


**ERNEST D. SCHULTZ,**

    **Plaintiff,**

**vs.**                                                  **Case No. 1:07cv52-MP**

**MICHAEL J. ASTRUE,**
**Commissioner, Social**
**Security Administration,**
    _____/


## REPORT AND RECOMMENDATION

The Defendant has moved for entry of judgment pursuant to sentence four of 42 U.S.C. § 405(g) and remand of this cause to the Commissioner. Plaintiff is not opposed to the motion. Doc. 12. A sentence four remand is discretionary, but requires that the court enter "a judgment affirming, modifying, or reversing the decision of the Commissioner." The proper option in this case is to reverse the Commissioner's decision and remand. <u>Melkonyan v. Sullivan</u>, 111 S.Ct. 2157 (1991); <u>Shalala v. Schaefer</u>, 509 U.S. 292, 113 S.Ct. 2625, 125 L.Ed.2d 239 (1993).

It is therefore respectfully **RECOMMENDED** that:

1.  The court **GRANT** Defendant's motion to remand, doc. 12.

2.  The court **DIRECT** the Clerk to enter final judgment **REVERSING** the Commissioner's decision to deny benefits and **REMANDING** the application to the Commissioner for rehearing pursuant to sentence four of 42 U.S.C. § 405(g) consistent with this report and recommendation.

**IN CHAMBERS** at Tallahassee, Florida, on October 12, 2007.

   S/ William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**

**NOTICE TO THE PARTIES**

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 10 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**